UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-20191-GAYLES

AUDREYA MCLEAN NABAKA
and JOSEPH NABAKA,

      Plaintiffs,

v.

OLD DOMINION INSURANCE
COMPANY,

      Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion for Summary Judgment (the "Motion"). [ECF No. 27]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND[1]

Defendant Old Dominion Insurance Company is a Write-Your-Own ("WYO") Program Carrier participating in the National Flood Insurance Program (the "NFIP"). The NFIP permits private insurance companies to issue standard flood insurance policies ("SFIP[s]") in their own names, however the terms and conditions of the policies are governed by the National Flood Insurance Act of 1968. *See Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1316 n.1 (11th Cir. 2003). In addition, the U.S. Treasury pays all claims and expenses on SFIPs. *Id.*; *see also Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998) ("Payments made pursuant to [a SFIP] are a direct charge

---

[1] The relevant facts are undisputed unless otherwise indicated and are taken from the following statements of facts along with their accompanying exhibits: Old Dominion Insurance Company's Statement of Uncontested Material Facts [ECF No. 28]; Plaintiffs' Reply Statement of Material Facts [ECF No. 48]; and Old Dominion Insurance Company's Response to Plaintiffs' Additional Material Facts [ECF No. 49].

on the public treasury."). As a result, WYO carriers are fiscal agents and fiduciaries of the United States. *See* 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

Defendant, in its capacity as a WYO carrier, issued Plaintiffs a SFIP to insure Plaintiffs' property in Miami Beach, Florida (the "Property"). On September 10, 2017, the Property sustained flood damage due to Hurricane Irma. On September 22, 2017, Plaintiffs made a claim under the SFIP for their Hurricane Irma loss. Defendant then arranged for Sweet Claim Service, Inc. ("SCS"), an independent adjuster, to investigate and adjust Plaintiffs' flood loss claim. SCS found that Plaintiffs' loss for building property was $18,867.12, and Plaintiffs' loss for personal property did not meet the deductible. On February 15, 2018, Defendant paid Plaintiffs $18,867.12.

On February 27, 2018, Plaintiffs' counsel submitted a letter to Defendant requesting a supplemental claim payment in the amount of $59,079.33 (the "Demand Letter"). Attached to the Demand Letter is a report by Plaintiffs' independent adjuster. Plaintiffs did not sign the Demand Letter. On March 2, 2018, Defendant denied Plaintiffs' supplemental claim.

On January 14, 2019, Plaintiffs filed this action alleging Defendant breached the SFIP. Defendant has now moved for summary judgment arguing Plaintiffs fail to satisfy the SFIP's conditions precedent prior to filing this action. [ECF No. 27]. Specifically, Defendant contends that Plaintiffs failed to submit a signed and sworn proof of loss for the supplemental claim. In response, Plaintiffs argue that the Demand Letter was all that was required based on a memorandum issued by the Federal Emergency Management Agency ("FEMA") in response to Hurricane Irma.

**LEGAL STANDARD**

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled

to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curium) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no ***genuine*** issue of ***material*** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## ANALYSIS

The facts in this case are largely undisputed. The primary issue is whether, as a matter of law, Plaintiffs were required to submit a sworn proof of loss for their supplemental claim before filing this lawsuit. The Court finds they were.

The Eleventh Circuit, in accord with many of its sister circuits, has held that an "insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003). "Because an insurer's payments under the SFIP are a direct charge

on the public treasury . . . the judiciary is powerless to [issue a ruling that] would encroach upon the appropriation power granted exclusively to Congress by the Constitution." *Barrios v. Wright Nat'l Flood Ins. Co.*, Case No. 19-21130, 2019 WL 7344832, at *3 (S.D. Fla. Nov. 26, 2019) (internal citations and quotations omitted). The SFIP's strict requirements include submitting a sworn and signed proof of loss as a condition precedent to litigation. *See Sanz*, 328 F.3d at 1319 (holding that insured's "failure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery.").

Article VII(J) of the SFIP provides that in "case of a flood loss to the insured," the insured must, "[w]ithin 60 days after the loss, send [Defendant] a proof of loss . . . ." [ECF No. 27-1]. The proof of loss must state the amount claimed under the policy and must be signed and sworn by the insured. *Id.* After Hurricane Irma, FEMA issued Bulletin W17040 (the "FEMA Memorandum"), which "conditionally waiv[ed] the proof of loss requirement in the case of an Irma loss [] and direct[ed] [WYO carriers] to exercise [their] option to accept an adjuster's report to pay a claim." [ECF No. 27-2, Ex. B-1]. The FEMA Memorandum also provided that the "conditional waiver does not alter a policyholder's ability to submit a proof of loss seeking supplemental payment." *Id.*[2]

It is undisputed that Plaintiffs did not submit a signed and sworn proof of loss for either their initial claim or the supplemental claim. However, Plaintiffs argue that the Demand Letter for their supplemental claim was sufficient to comply with the conditions precedent of the SFIP and the FEMA Memorandum. The Court disagrees. While the FEMA Memorandum permitted WYO Companies to pay *initial* Hurricane Irma claims without a proof of loss, the conditional waiver did not apply to *supplemental* claims. *See Mazzula v. American Strategic Ins. Corp.*, No. 2:19-cv-215,

---

[2] The FEMA Memorandum also extended the deadline to submit a Proof of Loss from sixty days to one year from the date of loss. [ECF No. 27-2, Ex. B-1].

4

2021 WL 252295, at *2 (M.D. Fla. Jan. 26, 2021). Indeed, "if an insured [seeks] supplemental payment, the proof-of-loss requirement remain[s]." Defendant paid Plaintiffs for their initial claim—without a proof of loss—in accordance with the FEMA Memorandum. But the FEMA Memorandum did not waive the proof-of-loss requirement for supplemental claims. *See Id.* (holding that proof of loss requirement remained for supplemental claims); *Barrios*, 2019 WL 7344832, at * 4 (holding that "[p]laintiffs' failure to [submit a proof of loss] for [their] supplemental damages is fatal to their claim."). Plaintiffs' Demand Letter—prepared and signed by counsel—is not a signed and sworn proof of loss as required by the SFIP. *See Mazzula,* 2021 WL 252295, at *3 (finding plaintiff's unsigned request to insurer did not satisfy proof of loss requirement). Therefore, Plaintiffs have failed to strictly comply with the conditions precedent of the SFIP and their claims are barred. *See Sanz*, 328 F.3d at 1318 ("As the Supreme Court has warned, not even the 'temptations of a hard case' should cause courts to read the requirements of a federal insurance contract with 'charitable laxity.'" (quoting *Federal Crop Ins. Corporation v. Merrill*, 332 U.S. 380, 386 (1947)). Accordingly, Defendant is entitled to summary judgment and Plaintiffs' complaint shall be dismissed.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [ECF No. 27] is **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of March, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE